ESTEBAN LOZADA MERCED, Appellant, v. THE REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. O-70-240.    Decided September 28, 1971.

*Orlando A. Disdier* for appellant. The respondent Registrar appeared by brief.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant presented in the Registry of Property, Second Section of Caguas, Puerto Rico, a deed of cancellation of a mortgage lien constituted to secure a promissory note. In said deed the appearing party, Esteban Lozada, after stating that on a certain date he acquired through purchase from Jorge L. Rodríguez and his wife Aida A. Rodríguez Colón the urban property described therein sets forth:

"SECOND: That through the deed mentioned in the preceding FIRST fact the appearing party Mr. Esteban Lozada and Mrs. Octavia Morales Quiñones constituted a voluntary mortgage as surety of a promissory note in favor of Mr. Jorge L. Rodríguez and Mrs. Aida A. Rodríguez Colón de Rodríguez for the amount of FOUR THOUSAND ONE HUNDRED DOLLARS ($4,100.00), payable on June thirty of the year nineteen hundred and seventy.

"THIRD: That the mentioned promissory note to which reference has been made has been given to me by the appearing party for its cancellation, and I the notary hereby state that I have cancelled the mentioned promissory note with a note and my signature and seal."[1]

The appearing party requests the total cancellation of the mortgage and the cancellation of its record in the Registry of Property.

The Registrar denied the requested cancellation:

"Because it is noted that in the instrument it is not established that the promissory note transferable by endorsement had been endorsed or transferred in a lawful manner in favor of the appearing party Esteban Lozada Merced; and since a promissory note to the order of Jorge L. Rodríguez and his wife Aida A. Rodríguez, the mortgagees, transferable only through endorsement to cancel the mortgage which secures it is involved, it is necessary that the legal holders of the note endorse it and deliver it to the debtor who may then deliver it to the notary for its cancellation, and in the instant case it is not stated that it has been presented to the notary, nor any showing is inferred from the instrument to the effect that the mortgagees have received the amount of the mortgage credit in question, everything in compliance with the doctrine established by the Supreme Court of Puerto Rico in the cases of *Hau* v. *Registrar*, 58 P.R.R. 804 and *Dominici* v. *Registrar*, 59 P.R.R. 760, a cautionary notice for 120 days having been entered instead, in favor of Esteban Lozada."

Appellant requests us to reverse the Registrar's note and to order the record of the deed. Appellant maintains that:

"What we have before us is whether the attesting notary should continue going into the details regarding the procedures which are clearly incumbent upon said notary and for which he is responsible or whether it is time for the Registrar to grant him the emancipation he deserves as a professional and it be

---

[1] There is an anomaly which we overlooked since it does not have substantive importance, but is merely a matter of form, and it is that in the first and second facts of the deed the statement is made by the appearing party and in the third and fourth facts it is made by the notary.

sufficient for the notary to state that he acted without having to specify how he did it, subject to the discretion of the Registrar."

In support of his contention he cites, in the first place, the last paragraph of Art. 82 of the Mortgage Law, 30 L.P.R.A. § 156, which as we shall see, does not favor him at all. Later he cites § 1143 of the Civil Code, 31 L.P.R.A. § 3203, which does not rule this situation, and finally he asks us to construe the Mortgage Law in a liberal manner so as to permit what he is seeking.

Before continuing let us observe that the deed in question does not state whether the promissory note was issued *to the bearer* or *to the order*. There it is set forth that a voluntary mortgage was constituted to secure a promissory note *in favor* of Mr. Jorge L. Rodríguez and his wife. In each one of those three situations, the consequences to the effects of this controversy would be different. But appellant as well as the Registrar tell us in their petitions that actually they are dealing with a promissory note to the order of spouses Rodríguez. We shall deal with it thus.

First let us briefly discuss appellant's contentions before setting forth our reasoning and our decision. In the first place, the last paragraph of Art. 82 of the Mortgage Law, 30 L.P.R.A. § 156, cited by appellant, insofar as pertinent, provides that:

"Records made to secure sums represented by negotiable paper, to bearer or by endorsement, shall be canceled upon presentation of an instrument executed by the persons who may have *collected* the credits, which instrument must set forth that the negotiable paper to bearer or by endorsement was canceled at the time of its execution." (Italics ours.)

The person who *collected* the credits does not appear in the deed in question, but the one who appears therein is the person who owes or owed them. We will come back to this later on, but it shall suffice for the time being to indicate that for the reasons stated said legal provision does not cover

the situation raised by this case. It is not ruled either by § 1143 of the Civil Code, 31 L.P.R.A. § 3203. It is true that there, in dealing with the extinguishment of obligations, the Code states that "whenever the private instrument from which the debt appears should be in the possession of the debtor, it shall be presumed that the creditor delivered it of his own will, unless the contrary is proven", but that is a rebuttable presumption. An oral contract is also a contract but it cannot be taken to the Registry of Property. The regulations of the Registry of Property have the purpose of establishing the transactions as a certainty and said § 1143 by itself is not sufficient, as we shall see hereinafter, to cancel the mortgage when the promissory note secured thereby is one payable to the order of and not to bearer.

■ What happens is that the mortgage law, without repealing the provisions of the Civil Code, particularizes and refines them when applying them to the regulations of the Registry. This is so because the mortgage law is to a great extent a specialty of the civil law; "it constitutes a part or aspect of the civil law" Roca has written. It lacks self-substantiveness; it is not interested in the structure and contents of the property rights, but rather in the dynamics thereof, that is, their acquisition, conveyance, and loss.[2] The mortgage law takes from the civil law the already elaborated views on ownership and other property rights, but sometimes the conclusions it reaches differ from those of the civil law.[3] With respect to his petition requesting us to construe the Mortgage Law in a liberal manner so as to permit what he requests, it shall be explained farther on in this opinion why we cannot consent thereto.

■ The Registrar is correct. The promissory note in question is not one payable to bearer, which is transferable

---

[2] 1 Roca Sastre, *Derecho Hipotecario* 9–13, 5th ed. (1954).

[3] Casso Romero, *Derecho Hipotecario o del Registro de la Propiedad* 8–9, 4th ed., Madrid (1951).

by mere delivery, but it is one payable to the order, which is transferable only by endorsement. Said promissory note is secured by a mortgage credit. It does not appear from the deed that the promissory note was endorsed by the creditors payable to the order of whom it was issued, nor is it stated therein that the creditors have received the amount of the same. From where, then, does the certainty needed by the Registrar in order to cancel the mortgage arise? In effect, the cases of *Hau* v. *Registrar*, 58 P.R.R. 804 (1941) and *Dominici* v. *Registrar*, 59 P.R.R. 760 (1942), support the Registrar's position. We understand that the correct doctrine on this particular is set forth therein and we do not see any reason to reverse it. We shall explain hereinafter.

■ If the promissory note in question were an instrument payable to bearer, in order to cancel the mortgage security it would be sufficient to produce a notarial certificate showing that the instrument had been presented by the debtor to the notary and that the latter had marked the same as cancelled at the time of the execution of the deed of cancellation. If that were the case the debtor might request the cancellation on the ground of the merger of the rights of debtor and creditor, and neither the notary nor the Registrar would be justified in requiring the debtor to prove the manner in which he had acquired the instrument. It being a question, in that assumption, of an instrument payable to bearer, the mere delivery would be sufficient in order to transfer it.

■ But in this case, however, we are dealing with a promissory note payable to the order, transferable only by endorsement. In order to cancel the mortgage securing it, it is necessary that the lawful holder of the promissory note endorse it and deliver it to the debtor, who may then present it to the notary to be invalidated. The debtor, having become the owner of his own obligation by virtue of such endorsement, may validly consent to request the cancellation of the mortgage record, by reason of merger of rights. If we were

to hold the contrary it would be tantamount to abolishing the legal differences existing between the instruments payable to bearer and those instruments transferable by endorsement.

■ Contrary to what happens with mortgages executed *in favor* of particular persons, the cancellation of which requires the consent of the person in whose favor the record or entry may have been made or of his assigns or legal representatives, Art. 82, Mortgage Law, mortgages which secure negotiable obligations may be cancelled at the request of the persons who have collected the credits. This exception is permitted since in these cases the name of the mortgage creditor or of his assignee, in such a case, need not arise from the Registry. The purpose of this exception to the mortgage principle of specification, *Rosario* v. *Registrar*, 89 P.R.R. 831 (1964), was to extend to the field of territorial credit instruments from the commercial sphere which would facilitate the assignment and transfer of credits secured by real property. In harmony with this purpose, it was also sought to impart security to said transactions by providing so that the mortgage security would not be cancelled in the Registry without also destroying the negotiability of the instrument thereby secured. For that purpose the notary is bound to state in the deed of cancellation of mortgage, that he has invalidated the negotiable paper to bearer or payable by endorsement. *Porras* v. *Registrar*, 59 P.R.R. 593, 597 (1941); IV-2 Roca Sastre, *Derecho Hipotecario* 739, 6th ed., Bosch, Barcelona (1968); II Muñoz Morales, *Lecciones de Derecho Hipotecario* 139 (1946).

What was the guarantee offered by the lawmaker to the legal holder of an instrument secured by mortgage to the effect that the mortgage would not be cancelled without the latter's authorization? For that purpose the lawmaker provided in the aforecopied Art. 82 of the Mortgage Law that the cancellation would be made at the request of the person

who may have *collected* the credit. This implies that the lawmaker's purpose was that the *creditor* and not the debtor would be the one to go to the notary to execute the deed of cancellation and that the notary would attest that he knew the creditor and that the latter was the person who collected the mortgage credit. Obviously, once the principal secured obligation is satisfied, the mortgagor has the right of requesting and obtaining the cancellation and release of the mortgaged property from the creditor to whom payment has already been made.

■ But taking into consideration that in Puerto Rican notarial practice the creditor who has collected his credit is not generally the one who executes the deed of cancellation of the mortgage security, but that it is usually executed by the mortgagor who has already paid, and to whom for that purpose, the creditor previously delivered the transferable instrument, it has been permitted that the mortgagor be the one to execute the deed of cancellation of mortgage as legal holder of the instrument. He who was the mortgagor and has already paid has, of course, natural interest in the cancellation of the mortgage. *Navedo v. Registrar*, 87 P.R.R. 756, 760 (1963).

■ To seek that these requirements be dispensed with, would have the effect of exposing the rights guaranteed by the Registry to destruction to the prejudice of the title holders, on the basis of the mere presumption that the notary authorized a deed of cancellation by a person qualified to execute it. Upon establishing through case law a practice not comprised within Art. 82, the case law should establish also the necessary protection. The safety and certainty which the Registry of Property must afford require that the entries existing therein should not rest on mere rebuttable presumptions. *Water Resources Authority v. Registrar*, 62 P.R.R. 724, 728 (1944); *Banco de Ponce v. Registrar*, 72 P.R.R. 123, 127 (1951).

The note appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case.